673 S.E.2d 431

**In the Matter of John L. DRENNAN, Respondent.**

**No. 26598.**

Supreme Court of South Carolina.

Submitted Dec. 29, 2008.

Decided Feb. 9, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Grover C. Seaton, III, of Moncks Corner, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to any sanction up to a definite suspension from the practice of law between nine (9) months to one (1) year. *See* Rule 7, RLDE, Rule 413, SCACR. We accept the Agreement and suspend respondent

from the practice of law for nine (9) months with conditions for the misconduct reported in the Agreement. The facts, as set forth in the Agreement, are as follows.

## FACTS

On or about December 8, 2007, the Mount Pleasant Police Department arrested respondent for possession of a cocaine substance.[1] Respondent admits that he in fact had possession of the cocaine in his vehicle at the time of his arrest. Respondent admits he has a substance abuse problem and, further, that substance abuse is a serious problem which impacts all aspects of his life, including his fitness to practice law.

Respondent represents he has undergone and completed inpatient counseling for substance abuse and has signed a contract with Lawyers Helping Lawyers for continuing assistance in dealing with his substance abuse. Respondent represents he completed Pretrial Intervention and the charges arising out of his December 8, 2007 arrest have been dismissed.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct), Rule 8.4(b) (lawyer shall not commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness to practice law in other respects), Rule 8.4(c) (lawyer shall not commit criminal act involving moral turpitude), and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).

---

1. On December 19, 2007, the Court placed respondent on interim suspension. *In the Matter of Drennan*, (S.C. Sup.Ct. dated December 19, 2007) (Shearouse Adv. Sh. No. 43 at 55).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months for his possession and use of cocaine. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct for the investigation and prosecution of this matter. Further, as set forth in the Agreement, should respondent be reinstated to the practice of law, he shall maintain his contract with Lawyers Helping Lawyers and agree to drug monitoring, both for a period of not less than two (2) years. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.